IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond Orrand, et al.,       :

    Plaintiffs,           :

    v.                    :       Case No. 2:08-cv-383

                                 :
                                 JUDGE SMITH
TNS, Inc.,                    :

    Defendant.            :

## OPINION AND ORDER

This ERISA collections case is before the Court on plaintiffs' motion for summary judgment. That motion was filed on February 9, 2009. The time permitted by Local Civil Rule 7.2(a) for defendant, TNS, Inc., to file a response has elapsed, and no response has been filed. For the following reasons, the Court will grant summary judgment to plaintiffs for the monetary amounts they request, but will deny the motion to the extent that it requests injunctive relief. Plaintiffs will be permitted to ask for attorneys' fees in a post-judgment motion.

I.

The factual record before the Court consists exclusively of the materials which plaintiffs have filed in support of their motion. The Court need summarize these facts only briefly, because no opposing materials have been filed.

Plaintiffs are trustees of various funds to which TNS is obligated to make contributions on behalf of its employees. Those obligations were created in collective bargaining agreements entered into between various employers, including TNS, and several locals of the International Union of Operating Engineers. The agreements contain several other pertinent

provisions, including obligating affected employers to submit monthly reports of hours worked by covered employees, to make periodic payments to the funds, and to make records available for audit.

According to the affidavit of Raymond Orrand, the Administrator for the fund trustees, TNS failed to make all of its required contributions. Its reports and records were audited by the funds' auditor, who concluded that TNS was delinquent in its contributions between June 1, 2006 and February 1, 2008, in the amount of $54,288.09. The agreements also provide for monthly interest on delinquent contributions and for a like amount as a penalty, and these amounts are each $7,751.14 through October 16, 2008. Interest continues to accrue at the rate of $26.78 daily from that date. Plaintiffs also paid a $350.00 filing fee when this case was filed. These amounts add up to $70,140.37. Plaintiffs are clearly entitled to a monetary judgment in that amount plus the interest and penalty interest which continues to accrue.

## II.

In addition to a monetary judgment (and attorneys' fees, which plaintiffs have stated they will move for once judgment has been entered), plaintiffs have asked for two different types of injunctive relief. First, they seek an order which would direct TNS to comply with the agreements in the future. Second, they have asked the Court to enjoin TNS from transferring any of its assets until the monetary judgment has been paid in full. The only additional fact presented in support of this type of relief is that there have been numerous lawsuits filed against TNS in the Lucas County, Ohio Court of Common Pleas.

Ordinarily, injunctive relief is reserved for those situations where the injured plaintiff has no adequate remedy at law in the form of an award of money damages. Plaintiffs argue that, under the Court of Appeals' decision in <u>Laborers Fringe</u>

Benefit Funds - Detroit & Vicinity v. Northwest Concrete & Constr., 640 F.2d 1350 (6th Cir. 1981), it is entitled to an injunction directing future compliance with the agreements if it is clear that the employer is likely to continue to withhold payments in the future and if the trustees would be irreparably injured by having to file repetitive actions to collect delinquent contributions.

The only evidence in this case concerning whether TNS is likely to continue to avoid its contractual obligations is the delinquencies which led to the filing of this lawsuit. Absent any additional evidence that this particular employer is a persistent offender, this Court has typically not awarded injunctive relief. See, e.g., Orrand v. Horner Constr., 2008 WL 5142415 (S.D. Ohio December 5, 2008); cf. Boards of Trustees v. Maintenance Unlimited, 2006 WL 2988376 (S.D. Ohio October 17, 2006) (granting injunctive relief in third suit against employer to recover delinquent contributions). The same is true with respect to the request for an injunction against transfer of assets. See Horner, supra. There is no credible evidence before the Court that these plaintiffs would suffer irreparable injury if they are relegated to the usual remedies available for the collection of a judgment, which include garnishment of bank accounts or payments due to the debtor and levy on the debtor's assets.

### III.

For the foregoing reasons, the plaintiffs' motion for summary judgment (#18) is granted as follows. The Court finds that defendant is in default of its obligations under the pertinent agreements and that a money judgment should be entered against it for the sum of $70,140.37, with contractual and statutory interest added at the rate of $53.56 since October 16, 2008. The Clerk is directed to enter judgment in plaintiffs' favor in that amount and to terminate this case. Plaintiffs'

requests for injunctive relief are DENIED.  If plaintiffs wish to pursue their request for attorneys' fees, they shall file an appropriate motion within fourteen days.

/s/ George C. Smith
George C. Smith
United States District Judge